PER CURIAM: *

Jamie Bernard Grimsley appeals the 60-month sentence imposed upon his guilty-plea conviction for possession with intent to distribute 100 kilograms or more of marijuana. *See* 21 U.S.C. § 841. He argues that he received two criminal history points based on the district court's erroneous finding that he was on probation for traffic offenses at the time that he committed the instant offense. He argues that but for those two points, he would have been eligible for a two-level "safety valve" decrease pursuant to U.S.S.G. § 2D1.1(b)(7), which would have resulted in a lesser sentence.

In rejecting Grimsley's argument, the district court relied on the state court judgment and probation violator's warrant for three separate case numbers, all of which involved Grimsley's convictions of violations of various traffic laws. The judgment set forth one sentence for all three case numbers, multiple fines that correlated with the respective case numbers, and one outstanding amount owed on those fines. Although the probation violator's warrant bore the number of a case that was not scored in the criminal history section of the presentence report, the warrant included a list of the offenses charged in the case that was scored as well as a notation of the outstanding fine owed on all three cases.

The documents relied on by the district court had sufficient indicia of reliability to support their probable accuracy. *See United States v. Angeles–Mendoza,* 407 F.3d 742, 749–50 (5th Cir.2005). The district court's finding that the warrant related to all three cases was plausible in light of the record as a whole. *Id.* at 750. Grimsley has not shown that the district

court's factual findings and inferences therefrom were clearly erroneous. *See Angeles–Mendoza,* 407 F.3d at 750; *United States v. Caldwell,* 448 F.3d 287, 290 (5th Cir.2006).

AFFIRMED.

**Maria A. TORRES, Plaintiff–Appellant**

v.

**CITY OF SAN ANTONIO,
Defendant–Appellee.**

No. 05–50458.

United States Court of Appeals,
Fifth Circuit.

May 3, 2007.

Russell J.G. Amsberry, Law Offices of Russell Amsberry, San Antonio, TX, for Plaintiff–Appellant.

Shawn Kevin Fitzpatrick, San Antonio, TX, for Defendant–Appellee.

Before KING, DAVIS, and BARKSDALE, Circuit Judges.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

PER CURIAM: *

AFFIRMED. See 5th Circuit Loc. R. 47.6.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose ARGUETA–HERNANDEZ, also known as, Jose Saul Hernandez–Argueta, Defendant–Appellant.**

**No. 05–41254**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

May 3, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before STEWART, DENNIS, and OWEN, Circuit Judges.

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

PER CURIAM: *

On January 8, 2006, the Supreme Court vacated our judgment in this case and remanded the case to this court for further consideration in light of *Lopez v. Gonzales*.[1] The defendant has served his term of imprisonment and has been deported, but he remains subject to a term of supervised release. Our disposition of this appeal is governed by this circuit's binding precedent in *United States v. Rosenbaum–Alanis*.[2]

Because the defendant remains subject to a term of supervised release, however, he may still seek modification of the term of supervised release under 18 U.S.C. § 3583(e), which does not require his presence. We therefore DISMISS this appeal without prejudice to the defendant's right to seek a modification of his term of supervised release.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. —— U.S. ——, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006).

2. 483 F.3d 381 (5th Cir.2007).